IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| KERMIT TY POULSON,<br><br>        Plaintiff,<br><br>vs.<br><br>NORCO MEDICAL SUPPLY, and<br>HARRINGTON MEDICAL SUPPLY,<br><br>        Defendants. | CV 17-5-M-DLC-JCL<br><br>ORDER |

On January 30, 2016, Plaintiff Kermit Poulson filed a motion requesting that I recuse myself from presiding over this action. In support of his motion Poulson believes I improperly allowed a prior civil action he filed to proceed in the Missoula Division of this Court which he believes was the wrong division. Additionally, Poulson asserts I have issued rulings in his prior civil cases improperly influenced by partiality and bias. Poulson, however, provides no further explanation of his grounds for the motion.

A motion to recuse must be decided by the judge whose impartiality is being questioned. *In re Bernard*, 31 F.3d 842, 843 (9th Cir. 1994). For the reasons stated, Poulson's motion is denied.

Because Poulson does not identify an express statutory basis for his motion, I will construe it as a motion for my disqualification under 28 U.S.C. § 455.[1] Section 455 is a self-executing disqualification statute. It provides in relevant part as follows:

> (a) Any justice, judge or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
>> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]

28 U.S.C. § 455(a) and (b).

Section 455(a) requires disqualification for the appearance of partiality. Section 455(b)(1), in contrast, requires disqualification if a judge has a personal

---

[1] Alternatively, Poulson's motion could be construed as filed pursuant to 28 U.S.C. § 144. Section 144 requires, inter alia, that the motion "be accompanied by a certificate of counsel of record stating that it is made in good faith." The certificate of good faith must be provided by a member of the bar, or the movant's counsel of record. *See Robinson v. Gregory*, 929 F. Supp. 334, 337-38 (S.D. Ind. 1996). Consequently, a pro se litigant who has not provided a certificate of good faith from a member of the bar may not employ the disqualification procedures set forth in 28 U.S.C. § 144. *Id. See also Jimena v. UBS AG Bank*, 2010 WL 2650714, *3 (E.D. Cal. 2010) and *United States v. Briggs*, 2007 WL 1364682, *1 (D. Idaho 2007). Here, Poulson has not provided a certificate of good faith from an attorney in support of his request. Thus, I will not construe his motion as invoking the provisions of section 144.

2

bias or prejudice for or against a party. *See Hasbrouck v. Texaco, Inc.*, 842 F.2d 1034, 1045-46 (9th Cir. 1987). Section 455(b)(1) "simply provides a specific example of a situation in which a judge's 'impartiality might reasonably be questioned' pursuant to section 455(a)." *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980) (*quoting United States v. Olander*, 584 F.2d 876, 882 (9th Cir. 1978)).

What matters under § 455(a) "is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994). The test for disqualification under § 455(a) is an objective one, pursuant to which recusal is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997).

This "reasonable third-party observer" is not "hypersensitive or unduly suspicious," and "is not a 'partly informed man-in-the-street[.]'" *United States v. Holland*, 519 F.3d 909, 914 (9th Cir. 2008). Rather, the reasonable person is a "well-informed, thoughtful observer," and "someone who 'understands all the relevant facts' and has examined the record and the law." *Holland*, 519 F.3d at 914. It is important that this standard "'not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest

suggestion of personal bias or prejudice.'" *Holland*, 519 F.3d at 913 (quoting *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993)).

It is well-established that disqualification under § 455(a) is limited by the extrajudicial source doctrine, "which generally requires as a basis for recusal something other than rulings, opinions formed or statements made by the judge during the course of trial." *Holland*, 519 F.3d at 914. Under this doctrine, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. "[O]nly in the rarest circumstances" will judicial rulings "evidence the degree of favoritism or antagonism required when no extrajudicial source is involved." *Liteky*, 510 U.S. at 555.

Likewise, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555. Absent any extrajudicial source, a judge's "favorable or unfavorable predisposition" will be characterized as bias or prejudice only "if it is so extreme as to display clear inability to render fair judgment." *Liteky*, 510 U.S. at 551.

"[J]udges are not to recuse themselves lightly under § 455(a)" and should

4

participate in cases assigned if there is no legitimate reason for recusal. *United States v. Sierra Pacific Industries*, 2010 WL 4777842 *6 (E.D. Cal. 2010) (quoting *United States v. Synder*, 235 F.3d 42, 45 (1st Cir. 2000)); *Holland*, 519 F.3d at 912. In other words, judges "must not simply recuse out of an abundance of caution when the facts do not warrant recusal. Rather, there is an equally compelling obligation not to recuse where recusal is not appropriate." *Sierra Pacific Industries*, 2010 WL 4777842 *2 (citing *Holland*, 519 F.3d at 912).

Poulson's sole stated basis for my recusal is predicated on my alleged conduct in his prior civil actions, i.e. allegedly allowing an improperly venued case to proceed, and issuing biased rulings. Thus, in substance, Poulson's arguments amount to nothing more than a complaint about my rulings in prior litigation. But as stated, mere adverse rulings, without more, do not provide a basis for my disqualification.

Poulson may be dissatisfied with my rulings, but it is well-established that judicial rulings in prior proceedings do not, in and of themselves, "constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. Poulson has not shown that my impartiality can reasonably be questioned. Nor has he pointed to anything showing of the "the degree of favoritism or antagonism required" to warrant recusal under § 455(a) where, as here, "no extrajudicial source is

involved." *Liteky*, 510 U.S. at 555.

To recuse myself under the circumstances would be to encourage misuse of 28 U.S.C. § 455. In fact, I have an obligation to not recuse myself under these circumstances. *See e.g. In re Yellowstone Mountain Club, LLC,* 2011 WL 766979 *5 (Bkrtcy. D. Mont. 2011) (recognizing that a judge has a "corresponding obligation to not recuse and to serve on assigned cases when no reason to recuse exists").

Because Poulson has not identified any legitimate basis for my recusal under § 455(a) or (b), IT IS ORDERED that Poulson's motion for recusal is DENIED.

DATED this 31st day of January, 2017.

_____
Jeremiah C. Lynch
United States Magistrate Judge