IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| KERMIT TY POULSON,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>NORCO MEDICAL SUPPLY, and<br>HARRINGTON MEDICAL SUPPLY,<br><br>　　　　　Defendants. | CV 17-5-M-DLC-JCL<br><br>ORDER, and FINDINGS<br>AND RECOMMENDATION |

### I.  Introduction and In Forma Pauperis Application

Plaintiff Kermit Poulson filed a pleading in this matter, together with his motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915(a)(1).

A court may grant a litigant leave to proceed in forma pauperis if the applicant's affidavit sufficiently indicates that the applicant cannot pay court costs and still provide the necessities of life for himself and his family. *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).  It is well established that the district court has discretion in determining whether a litigant is entitled to proceed in forma pauperis. *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963).

The Court finds Poulson's motion is incomplete.  In paragraph 6 of Plaintiff's motion Poulson stated he receives disability or workers compensation

1

benefits. But he failed to specifically describe each source of that income, the amount he receives, the frequency with which he receives the income, and whether he expects to continue to receive it. (Doc. 1 at 2.) Therefore, Poulson has failed to provide the Court sufficient information to enable it to properly rule upon his motion.

Nonetheless, "[a] district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987)). Therefore, the Court will first consider whether Poulson's pleading has merit, or whether it is frivolous and subject to dismissal.

## II. Plaintiff's Allegations

Poulson alleges Defendants refused to fill a medical prescription he presented to them. He states Defendants "fired" him as a customer because he is bi-polar, they cannot bill medicaid for his prescription, and they felt Poulson was threatening them. But Poulson asserts he was merely standing up for his "ADA, title II Anti-Discr. Rights[.]" (Doc. 2 at 6.) He alleges Defendants are liable for violating "Title II, 42 U.S.C. 1997(d)(e) [sic][,] 14th Amendment, Discrimination, Libel, Slander, [and] Defamation." (*Id.*)

On January 25, 2017, Poulson filed an amended complaint. In it he adds that Defendants violated Mont. Code Ann. § 30-14-101 and "state business contracts." (Doc. 5.)

**III. Discussion**

Because Poulson is proceeding pro se the Court must construe his pleading liberally, and the pleading is held "to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). In view of the required liberal construction,

> a district court should grant leave to amend even if no request to amend the pleading was made, <u>unless</u> it determines that the pleading could not possibly be cured by the allegation of other facts.

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (emphasis added) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

In considering Poulson's in forma pauperis request, the Court has authority to deny the request if the plaintiff's proposed complaint is frivolous or without merit. *Minetti*, 152 F.3d at 1115. The court retains discretion in determining whether a complaint is "frivolous." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

A complaint is frivolous if it has "no arguable basis in fact or law." *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984). *See also Neitzke v.*

3

*Williams*, 490 U.S. 319, 325 (1989).

As noted, Poulson expressly identified specific legal claims he seeks to advance in this case. But for the reasons stated, those specific claims are not viable in this case.

Poulson alleges Defendants violated Title II of the Americans with Disabilities Act. But Title II prohibits a "public entity" – defined as a state or local governmental entity – from discriminating against a qualified individual with a disability. *Cohen v. City of Culver City*, 754 F.3d 690, 694 (9th Cir. 2014). 42 U.S.C. §§ 12131(1) & 12132. The Defendants in this case are not public entities under Title II and, therefore, the claim lacks merit.

Poulson cites to "42 U.S.C. § 1997(d)(e)," but no such statute or subsection exists. There are, however, statutory provisions at section 1997d and section 1997e.

The Court finds that 42 U.S.C. § 1997d is inapplicable to this action. It provides as follows: "No person reporting conditions which may constitute a violation under this subchapter shall be subjected to retaliation in any manner for so reporting." 42 U.S.C. §1997d. The referenced subchapter pertains only to the treatment of individuals housed or residing in an institution as defined in 42 U.S.C. § 1997(1). In this case Poulson provided a residential address for himself,

and he does not assert he resides in an institution.

Additionally, 42 U.S.C. § 1997e is inapplicable. Section 1997e governs suits filed by prisoners. Poulson is not presently a prisoner, and his allegations do not arise from circumstances while he was a prisoner.

Finally, the Fourteenth Amendment to the United States Constitution does not provide Poulson with a claim for relief. The Amendment constrains only the conduct of a State. *Adickes v. S. H. Kress & Company*, 398 U.S. 144, 169 (1970). It does not limit or prohibit "merely private conduct." *Id*. The Defendants named by Poulson in this action are private business entities, not state entities.

Based on the foregoing, all of Poulson's express federal claims fail for lack of merit. The Court recommends they be dismissed.

The balance of Poulson's claims are advanced under Montana law over which the Court would have supplemental jurisdiction provided by 28 U.S.C. § 1367(a) if Poulson's federal claims had merit. But the Court may decline to exercise supplemental jurisdiction for various reasons stated in the statute, including when "the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3). Because the Court recommends dismissal of Poulson's federal claims, claims it is recommended the Court should decline to exercise supplemental jurisdiction over Poulson's state law claims.

5

### III. Conclusion

For the reasons discussed, the Court concludes Poulson's express legal claims asserted fail for lack of merit, are frivolous, and could not be cured by the allegation of other facts. Therefore, IT IS HEREBY RECOMMENDED that Poulson's request to proceed in forma pauperis under 28 U.S.C. § 1915(a)(1) be DENIED, and this action should be DISMISSED.

A plaintiff is not entitled to file objections to a recommendation that the plaintiff's application to proceed in forma pauperis be denied. *Minetti v. Port of Seattle*, 152 F.3d 1113, 1114 (9th Cir. 1998) (per curiam). Therefore, this recommendation will be forwarded directly to the District Judge for his consideration. No motion for reconsideration will be entertained.

On January 30, 2017, Poulson filed additional motions in this case. He filed a one-page request for a preliminary injunction directing Defendants to provide him with catheters, and he requested the Court appoint counsel to represent him in this action. Because I am recommending this action be dismissed, IT IS ORDERED the referenced motions are DENIED as moot.

DATED this 31st day of January, 2017.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge